GRANGE MUTUAL CASUALTY COMPANY, APPELLEE, *v.* FODOR, APPELLANT.

(No. 48262—Decided December 31, 1984.)

*James W. Barnhouse,* for appellee.
*Thomas F. O'Malley,* for appellant.

JACKSON, J. Appellant, Robert B. Fodor, was injured in an automobile accident on October 26, 1980. The motorist (Mersinas) who allegedly caused the ac-

cident was insured, but the liability limits under his policy were a relatively low $15,000 per person, $30,000 per incident. Appellant determined that any recovery from Mersinas' insurer would not be sufficient to fully compensate him. Consequently, appellant notified his own insurance company, Grange Mutual (appellee), that he was going to claim additional compensation under his own underinsured motorist coverage with Grange Mutual, which provided coverage up to a ceiling of $50,000 per person, $100,000 per incident.

Pursuant to R.C. 3937.18, uninsured and underinsured motorist coverage is required in Ohio unless specifically rejected by the insured.[1] The purpose of underinsured motorist coverage is to allow the insured to purchase additional coverage which is available to augment his recovery in the event that he is injured by a tortfeasor who is not adequately insured and who cannot, therefore, make full reimbursement to him. In such a case, the injured insured's own insurance company pays him additional compensation, over and above what may be recoverable from the tortfeasor's insurer.

Appellant attempted to obtain a settlement from Mersinas' insurer, American Select Risk (ASR). ASR was willing to discuss a settlement but insisted that a full and final release of all claims be executed by appellant as a precondition to any settlement. Under the terms of his insurance contract with Grange Mutual,[2] however, appellant was not permitted to comply with ASR's demand for a release, because of Grange Mutual's concern that its subrogation rights not be compromised.

Despite its refusal to agree to a release — and ASR's refusal to settle without one — Grange Mutual continued to take the position that underinsured motorist compensation was not payable to appellant until appellant had arrived at a settlement with Mersinas' insurer, ASR. On April 14, 1982, appellant sued Mersinas. As late as September 1, 1982, Grange Mutual's claims representative wrote a letter to appellant's attorney in which he stated:

"Also, we are hopeful that you are able to obtain a commitment in writing from American Select Risk so that a settlement can be arrived at under Mr. Fodor's underinsured motorist coverage."

Finally, appellant filed a demand for arbitration[3] on his claim against Grange Mutual for underinsured motorist compensation. That demand was filed on December 7, 1982.

On March 4, 1983, Grange Mutual filed a complaint seeking a declaratory judgment that appellant's demand for arbitration was not timely filed under the contractual limitation of actions contained in an endorsement to the insuring agreement, entitled:

"Endorsement
(A-114)
Automobile Amendatory Endorsement
(Ohio and Indiana)"

The limitation clause of that agreement provides:

"Action Against Company. No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto the insured or his legal representative has fully complied with all of the terms of this policy and *unless same is*

---

[1] For a discussion of the need for such coverage, see Maldonado, Requiring Underinsured Motorist Coverage in Ohio (1979), 6 Ohio N.U.L. Rev. 534.

[2] Exclusion "A" under Coverage "U" of the insuring agreement.

[3] Arbitration is required by Condition 7 of Coverage "U."

*commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred."* (Emphasis added.)

Appellant answered and counterclaimed for a declaration that the limitation clause was illegal and unenforceable. Grange Mutual moved for summary judgment on November 30, 1983. Appellant filed a "cross-motion" for summary judgment on his counterclaim on December 12, 1983.

Grange Mutual supported its motion by pointing out that the Ohio statute of limitations for bodily injury actions, R.C. 2305.10, requires that an "action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." It is not disputed that the appellant's demand for arbitration was filed more than two years after the date of the automobile accident in which appellant was injured.

On February 3, 1984, the trial court granted Grange Mutual's motion for summary judgment, and denied appellant's motion. Appellant contends before this court that the trial court's decision was contrary to law. Two assignments of error are presented for consideration:

Assignment of Error No. 1

"The trial court's decision granting plaintiff's motion for summary judgment on its complaint for declaratory judgment is contrary to law."

Assignment of Error No. 2

"The trial court's decision denying defendant's cross-motion for summary judgment on his counter-claim for declaratory judgment is contrary to law."

I

Civ. R. 56(C) provides in part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Appellant contends that a genuine issue of material fact remains unresolved, namely, *the question of whether or not Grange Mutual waived the limitation of action clause, or is estopped from asserting it.* The standard by which such a contention must be judged was set out by the Supreme Court in *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427 [21 O.O.3d 267]. The syllabus in that case states:

"An insurance company *may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired."* (Emphasis added.)

In its opinion, the court explained:

"It is not our conclusion here that all offers of settlement made by insurance companies to the insured are to be construed as waivers of the time limitation. Where there is a specific denial of liability upon the policy, either totally or in part, there would generally be no waiver occasioned by an offer of settlement. *We recognize and endorse the principle that a waiver comes into existence upon an of-*

*fer that is an express or implied admission of liability." Hounshell, supra,* at 432-433. (Emphasis added.)

The court concluded:

"There is, at a minimum, an inference to be drawn that American States had admitted liability for a pro rata share of the fire loss and, as such, waived the 12-month limitation of action provision by holding out a reasonable hope of adjustment. Hence, the Court of Appeals was correct in finding some credible evidence of estoppel, and reversing the summary judgment ordered by the trial court." *Id.* at 433.

In the instant case, the only evidence in the record regarding waiver is the September 1, 1982 letter from Grange Mutual's claims representative. The body of the letter, in its entirety, follows:

"Pursuant to our conversation of August 31, 1982, please find enclosed a draft in the amount of $2,000.00. This amount represents the medical payment liability of Mr. Fodor's policy.

"Also, we are hopeful that you are able to obtain a commitment in writing from American Select Risk so that a settlement can be arrived at under Mr. Fodor's underinsured motorist coverage."

Certainly, this letter, dated the month before the two-year limitation period expired, showed no indication whatsoever of "a specific denial of liability upon the policy, either totally or in part." *Hounshell, supra,* at 433. For purposes of the first assignment of error, the evidence must be viewed in a light most favorable to the non-movant, appellant Fodor. Civ. R. 56(C); *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150 [66 O.O.2d 311]. In that context, we find that ap-

pellee's alleged waiver is an unresolved, genuine issue of material fact.

This is not a case like *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293, 296 [23 O.O.3d 281], in which "* * * the insured realized that the insurance company was not acknowledging the viability of the claim. It becomes rather clear that there was a real dispute between the parties sometime prior to * * * [the expiration of the limitations period]."

Moreover, this court's decision is not precluded by *Broadview S. & L. Co.* v. *Buckeye Union Ins. Co.* (1982), 70 Ohio St. 2d 47 [24 O.O.3d 109]. In *Broadview,* the Supreme Court held that the specific facts of that case did not warrant the application of the *Hounshell* rule. This court has determined that the specific facts of the instant case do warrant the application of *Hounshell.*

Consequently, we hold that the grant of summary judgment in favor of Grange Mutual was error, because of the presence of an unresolved, genuine issue of material fact. Reasonable minds could reach more than one conclusion on the question of waiver. The appellant's first assignment of error is well-taken.[4]

II

Appellant further argues that the limitation clause contravenes the legislative purpose of R.C. 3937.18 and is therefore unenforceable.[5]

To the extent that appellant attacks the validity of contractual limitations on actions in general, or argues that he was unaware of the existence of the clause, his argument is rejected. Contractual limitation clauses contained in insurance contracts have been upheld in Ohio, provided the limitation clause in question is clear and unambiguous, and the period

---

[4] See Windt, Insurance Claims and Disputes (1982) 350, Section 9.05, and cases cited in fn. 33.

[5] See *Bartlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50 [62 O.O.2d 406].

of time allowed is reasonable. *Globe American Cas. Co.* v. *Goodman* (1974), 41 Ohio App. 2d 231 [70 O.O.2d 447]. Furthermore, the insured is charged with knowledge of the contents of his own insurance contract. See, *e.g., Florsheim* v. *Travelers Indemn. Co. of Ill.* (1979), 75 Ill. App. 3d 298, 393 N.E. 2d 1223.

Grange Mutual contends that the two-year limitation period was reasonable, citing *Colvin* v. *Globe American Cas. Co., supra,* and *Globe American Cas. Co.* v. *Goodman, supra.* Both *Colvin* and *Goodman* upheld the reasonableness of a limitation clause that required that an action against the company be "commenced within twelve months next after the date of the accident." *Colvin, supra,* at 293; *Goodman, supra,* at 233. Grange argues that if a twelve-month period is reasonable, then a two-year period must also be reasonable. Assuming *arguendo* that we agree with that proposition, the Grange limitation clause does not provide *any express and specific period of limitation.* Moreover, there is a question of whether the limitation clause of Grange Mutual was clear and unambiguous. See *Goodman, supra; Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593 [23 O.O.3d 495]; *Sexton* v. *State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St. 2d 431 [23 O.O.3d 385].

There is a crucial distinction between the language upheld in *Colvin* and *Goodman* ("within twelve months") on the one hand, and the language contained in Grange Mutual's limitation clause on the other hand. We note initially that the limitation clause sent to Robert Fodor was a single sentence eighty words long, not interrupted by a simple punctuation mark. But more important is the fact that the clause ends

with the following language: *"within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred."* No reasonably educated non-lawyer could be expected to understand the above-quoted language. Only by retaining the services of an attorney to research the matter could an insured discover what his rights and duties are under Grange Mutual's limitation clause. Therefore we hold that, as a matter of law, the limitation clause at issue here (Condition 10 of Protection Against Uninsured Motorists Coverage, as amended by Endorsement A-114) is ambiguous, and not clear and easily understood by a lay person; it is therefore invalid and unenforceable. See *Ady* v. *West American Ins. Co., supra.*

This court having determined that the contractual limitation clause is unenforceable, we look next to the general statute of limitations for actions on a written contract,[6] R.C. 2305.06, which requires that an action be brought within fifteen years. Under the statute, appellant's demand for arbitration was timely. On this basis, both the first and second of appellant's assignments of error are sustained.

### III

Appellant also argued, although he did not assign it as error, that Grange Mutual placed upon him the impossible burden of arriving at a settlement with or securing a judgment against the tortfeasor's insurer within two years, as a condition precedent to payment of underinsured motorist benefits under appellant's policy.

A similar situation was confronted by the Fifth Appellate District in the case of *Erie Ins. Group* v. *Tully* (June 6, 1983), Stark App. No. 6063, unreported.

---

[6] See *Motorists Mut. Ins. Co.* v. *Tomanski* (1971), 27 Ohio St. 2d 222, at 223 [56 O.O.2d 133]: "The right to recover under an uninsured motorist insurance policy is on the contract, not in tort."

That court allowed the insured to proceed immediately against the insurer in arbitration, with the insurance carrier potentially liable to its insured for the full amount of his damages, subject to later subrogation against the tortfeasor.

Because of our resolution of the issues in Parts I and II of this opinion, this court does not reach or decide this third issue.

The appellant's assignments of error are well-taken, and the judgment of the trial court is reversed and the cause remanded.

*Judgment reversed*
*and cause remanded.*

MARKUS, P.J., and PATTON, J., concur.