WEST AMERICAN INSURANCE COMPANY, APPELLANT, *v.* MAURER ET AL., APPELLEES.

(No. 3701—Decided December 21, 1987.)

*Richards, Amabrosy & Fredericka* and *Charles L. Richards,* for appellant.

*Martin White,* for appellee Neil F. Callahan.

*Arseny A. Melnick,* for appellees Old Republic Insurance Company, Robert N. Maurer and Ryder Truck Rental, Inc.

CHRISTLEY, J. This is an accelerated calendar case regarding an appeal from a decision of the Court of Common Pleas of Trumbull County on an action for declaratory judgment.

On May 9, 1983, defendant-appellee, Neil Callahan, was operating an automobile owned by his employer on State Route 169 in Howland Township. He was struck from behind by a vehicle driven by defendant-appellee Robert N. Maurer. The truck Maurer was driving was owned by defendant-appellee Ryder Truck Rental, Inc. (hereinafter "Ryder") and leased to Maurer pursuant to a written rental agreement. Callahan suffered extensive injuries as a result of the mishap.

Appellee Maurer owned no insur-

ance in his name. Appellee Ryder was provided coverage under a policy issued by appellee Old Republic Insurance Company (hereinafter "Old Republic"). Appellee Callahan was covered under a "Commercial Umbrella Liability Policy" issued to his employer, Metal Rep., Inc., which owned the vehicle he was driving. That insurer was appellant West American Insurance Company.

Appellee Callahan brought suit against appellees Maurer, Ryder, and Old Republic. He also made a claim for underinsured benefits against appellant pursuant to the terms of the policy. Appellant denied the claim.

At the trial, the central issue of dispute was whether or not the vehicle operated by appellee Maurer was underinsured. The terms of the policy provided by appellant stated that if the vehicle was found to have less than $500,000 of liability coverage, then it would be deemed underinsured. Appellant would then provide up to $500,000 of underinsured motorist coverage. Appellant contended, however, that the vehicle driven by Maurer was covered for $1,000,000 under the policy issued by appellee Old Republic to appellee Ryder.

It was stipulated that the Old Republic policy provides up to $1,000,000 of liability insurance, subject to valid and enforceable endorsements and exclusions. The appellees contend that the amount of liability coverage in regard to a lessee is limited to $12,500 by an endorsement (referred to as Endorsement No. 7) found on page 20 of the policy, titled, "Receipt Basis — Driverless Cars." This endorsement provides in pertinent part:

"It is agreed that such automobile liability insurance as is afforded by the policy, including the Exclusions and Conditions applicable thereto, for bodily injury liability and for property damage liability applies to any one or more persons or organizations leasing/renting an automobile from any named insured subject to the following provisions:

"* * *

"2. In addition to the other terms of this policy, the insurance afforded to such lessee/renter, his agents or employees or to any person or organizations legally responsible for the use of an automobile so leased/rented by such lessee/renter shall also be subject to the terms, including the limit or limits of liability, conditions, restrictions, and limitations *in the lease/rental agreements,* providing the coverage afforded under the policy is not thereby enlarged or extended." (Emphasis added.)

The standard lease agreement which was issued by Ryder to Maurer contained the following provision:

"8. LIABILITY INSURANCE. The truck is covered by a liability insurance policy which provides coverage to Customer against bodily injury and property damage claims with limits of liability *up to the requirements of the state financial responsibility law of the state in which an accident may occur,* or $10,000/$20,000 bodily injury and $10,000 property damage if no financial responsibility law applies." (Emphasis added.)

Pursuant to R.C. 4509.51, the minimum amount of owner's liability insurance required in Ohio is $12,500 for bodily injury or death of one person in any one accident. Therefore, appellees agree that because of Old Republic's policy endorsements, the maximum amount that appellee Callahan could recover from appellee Maurer through Ryder is $12,500.

The lower court ruled against appellant on the declaratory judgment. It held that the liability insurance policy of appellee Old Republic granted coverage to appellee Maurer in the

amount of $12,500 as applicable under the Ohio Financial Responsibility Act. The following assignments of error were timely filed following the decision:

"I. The trial court erred in finding that the 1979 GMC Sierra Truck owned by defendant Ryder Truck Rental, Inc. and operated by defendant Robert N. Maurer was a [sic] 'underinsured motor vehicle' and that plaintiff's policy provides underinsured motorist coverage to defendant Callahan for the accident of May 9, 1983.

"II. The trial court erred in failing to separately state its findings of fact and conclusions of law.

"III. The judgment of the trial court is contrary to law."

Appellant's first assignment of error is not well-taken.

The crux of appellant's argument is that the appellees' incorporation of the Ryder lease into the Old Republic Insurance Policy is contrary to law. It further argues that the endorsement, by not specifically referring to the particular lease in question, is unidentifiable from the policy and creates an ambiguity. Both of these arguments fail.

Appellant interprets the Ohio Financial Responsibility Act, particularly R.C. 4509.49 and 4509.53(D), as prohibiting incorporation of vehicle rental agreements into the terms of the policy. However, these statutes do not specifically prohibit such practice, nor was this their intent.

For the purposes of the financial responsibility law, "proof of responsibility" means proof of the ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of $12,500 because of bodily injury to or death of one person in any accident. R.C. 4509.01(K).

The purpose of the law is to provide sanctions which would encourage owners and operators of motor vehicles on Ohio highways to obtain liability insurance sufficient in amount to protect others who might be injured through the negligent operation of a motor vehicle. *Iszczukiewicz* v. *Universal Underwriters Ins. Co.* (N.D. Ohio 1960), 182 F. Supp. 733, 13 O.O. 2d 132.

As one jurisdiction has succinctly stated, financial responsibility laws are designed to protect members of the public from losses resulting from ownership and operation of motor vehicles, up to specified minimum amounts per person and per accident. Fla. Stat. Ann. Section 324.151(1)(a). It cannot be said, however, that the purpose of the Financial Responsibility Act was to establish guidelines in the settling of disputes between battling insurance companies, as appellant would interpret it. The trial court's finding is well-taken that Endorsement No. 7 constitutes a modification rather than an incorporation. Appellant's arguments as to the intent of R.C. 4509.53(D) cannot be extended to lessees of insured parties. We do not believe that was the purpose of the statute nor is any authority presented to support that interpretation.

Although there is a lack of Ohio case law directly on point, the issue has been addressed in other jurisdictions. The Supreme Court of Florida has held that neither the financial responsibility law nor public policy requires an automobile leasing company to purchase insurance coverage for lessees or other operators in excess of the statutory minimums. *Insurance Co. of North America* v. *Avis Rent-A-Car System, Inc.* (Fla. 1977), 348 So. 2d 1149.

The logic followed in an unre-

ported case out of the Superior Court of New Jersey and cited by appellees involving an almost identical situation to the case at bar is persuasive. That court, in interpreting Ryder's endorsement limiting its insurer's liability to the minimum coverage under the state's financial responsibility law and the rental agreement which refers to the policy, held that a policy such as this one, affording different coverage to the named insured and additional insureds such as lessees, is valid so long as it meets the state's minimum coverage. *Hong* v. *National Union Fire Ins. Co. of Pittsburgh* (May 25, 1984), N.J. Superior Court, No. A-4313-81 Tl, unreported.

The New Jersey Superior Court had previously reasoned that this type of coverage does not contravene the legislative intent of the financial responsibility laws, by stating:

"Suffice it to say that in the case at hand we perceive enough differences in the interests of a company engaged in the business of renting motor vehicles and those of an individual lessee to allow the renting company to carry such limits as it considers necessary for its own protection without requiring that identical limits be provided for the protection of the lessee. * * *" *General Acc. Group of Insurance Co.* v. *Liberty Mut. Ins. Co.* (App. Div. 1983), 191 N.J. Super. 530, 536.

This reasoning is consistent with Ohio case law regarding the purchasing of insurance. In *Hedrick* v. *Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, 22 OBR 63, 488 N.E. 2d 840, the Supreme Court held, in regard to the right to contract, the courts must allow for a certain amount of latitude for the exercise of discretion on the part of the policyholder as to the extent or breadth of coverage for which he is willing or able to pay the premiums.

Appellant argues that this case is controlled by the decision in *Patterson* v. *Nationwide Mut. Ins. Co.* (Jan. 24, 1986), Mahoning App. No. 84 C.A. 157, unreported, and *Grange Mut. Cas. Co.* v. *Fodor* (1984), 21 Ohio App. 3d 258, 21 OBR 302, 487 N.E. 2d 571. Those cases involve a limitation-of-action clause in an automobile liability insurance policy provision for uninsured and underinsured motorist coverage. In the *Grange* case, the endorsement in question contained the following language:

"No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto the insured or his legal representative has fully complied with all of the terms of this policy and *unless same is commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred.*" (Emphasis *sic*.) *Id.* at 259-260, 21 OBR at 303-304, 487 N.E. 2d at 573.

The *Grange* case held that language to be ambiguous, not clear and not easily understood by a layperson, thereby holding it to be invalid and unenforceable. However, that holding was based on the following logic of the court:

"* * * No reasonably educated non-lawyer could be expected to understand the above-quoted language. Only by retaining the services of an attorney to research the matter could an insured discover what his rights and duties are under Grange Mutual's limitation clause. * * *" *Id.* at 262, 21 OBR at 306, 487 N.E. 2d at 575.

Following that logic, the court determined the clause to be ambiguous and therefore invalid and unenforceable.

We find that exclusion No. 7 of the policy in this case is clear and unambiguous in its intent and meaning. Therefore, we find *Patterson* and *Grange* to be distinguishable.

Since the policy conforms to and does not violate the requirements of R.C. Chapter 4509 and is not ambiguous, it cannot be found that the lower court abused its discretion in enforcing the endorsement clause and lease provision in question by limiting the coverage of the Old Republic policy to the statutory minimum of $12,500.

Appellant's second assignment of error is also without merit.

It is true that the findings of fact and conclusions of law adopted by the court are not in strict compliance with Civ. R. 52. The problem presented, however, is a matter of form, not substance.

The purpose of the rule requiring separate findings of fact and conclusions of law is to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment. *In re Adoption of Gibson* (1986), 23 Ohio St. 3d 170, 23 OBR 336, 492 N.E. 2d 146; see, also, *Gupta* v. *East Texas State Univ.* (C.A. 5, 1981), 654 F. 2d 411. In the present case, the findings of fact consisted primarily of the court's adoption of all the stipulations of fact and joint exhibits of the parties. The conclusions of law, although not clearly designated as such, were, nevertheless, distinguishable and definite. All dispositive issues were adequately addressed.

The findings of fact and conclusions of law presented may have been inartful but were sufficient to fulfill their purpose. Therefore, any error in this regard is harmless and this assignment of error fails.

Finally, the third assignment of error presented for review by appellant must also fail since appellant did not conform to App. R. 16. Appellant stated as its third assignment of error that: "The judgment of the trial court is contrary to law," yet it failed to argue the error. Thus, this court will not address the assigned error.

Therefore, for the reasons set forth above, the decision of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and COOK, J., concur.