[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellant, West American Insurance Company, appeals from a judgment entry granting the motion for summary judgment of appellee, All America Insurance Company.
On October 6, 1994, Mildred White ("White"), deceased, was fatally injured in an automobile accident caused by the negligence of Beverly Beach ("Beach"). At the time of the accident, White was driving a vehicle leased to her by Cort Leasing, Inc. The lease agreement between White and Cort Leasing included the following paragraph:
 "2. NO INSURANCE OF ANY KIND SHALL BE PROVIDED BY AGENT or OWNER. RENTER shall provide insurance for liability (personal injury and property damage), collision damage, fire, theft, vandalism and combined additional coverages, and warrants that such insurance is in effect as at the signing of this agreement."
The automobile driven by White was insured under a policy issued to Cort Leasing by appellant. Moreover, on the date of the accident, White was the named insured under an automobile insurance policy issued by appellee.
Furthermore, when the accident occurred, Beach had automobile liability insurance with Nationwide Insurance Company. The plaintiffs in the case below, who are wrongful death beneficiaries pursuant to R.C. 2125.02, and are not parties to this appeal, settled the case with Beach and Nationwide, exhausting the per accident limit of Beach's liability policy.
On September 30, 1996, plaintiffs filed a complaint for declaratory judgment against both appellant and appellee, seeking a declaration of their rights under the respective insurance policies issued by them. Appellant and appellee filed separate answers and counterclaims against plaintiffs. Moreover, appellant and appellee filed cross-claims against each other. Appellant requested that the court hold that it provided no uninsured[1]
motorist coverage to White, or, alternatively, to limit such uninsured coverage to the statutory minimum amount. Appellee asserted in its cross-claim that its uninsured coverage was excess coverage over the primary insurance coverage provided by appellant.
On May 23, 1997, the parties filed a joint stipulation of facts and exhibits, including the relevant insurance policies issued by appellee and appellant, and the rental agreement between Cort Leasing and White. Both appellee and appellant filed motions for summary judgment. In a judgment entry filed on October 29, 1997, the trial court first determined that the lease agreement between White and Cort Leasing was "not effective to eliminate underinsured motorist coverage under the insurance policy of [appellant]." The court then held that the uninsured limit under the policy issued by appellant was the same as its liability coverage, $500,000. Finally, the court determined that White was insured under the policies issued by both appellant and appellee, and concluded that appellant provided primary coverage, and appellee's policy consisted of additional coverage after the exhaustion of appellant's policy limit of $500,000.[2]
Accordingly, the court granted appellee's partial motion for summary judgment, and overruled appellant's motion for summary judgment. The trial court's judgment entry included a finding that "there is no just cause for delay."
Appellant timely filed a notice of appeal and asserts the following assignment of error:
 "The trial court erred to the prejudice of appellant West American Insurance Company when it denied appellant West American Insurance Company's motion for summary judgment and when it granted appellee All America Insurance Company's motion for summary judgment because the trial court's decision as set forth in its October 29, 1997 judgment entry was contrary to law."
Analysis of appellant's assignment of error requires addressing three issues: (1) whether White was an insured under the policy issued by appellant; (2) whether the lease agreement between White and Cort Leasing was sufficient to eliminate uninsured coverage to White for the accident; and (3) if White had coverage through appellant, the limit of that uninsured coverage. However, we will not address appellant's third argument because, at oral argument before this court, appellant's counsel waived the issue of the extent of coverage.
In the relevant policy issued by appellant, Cort Leasing was listed as a named insured. Moreover, the parties have stipulated that the vehicle that White was driving at the time of the accident was a "covered auto." In the section entitled "Ohio Uninsured Motorists Coverage," the policy states that an insured is anyone "`occupying' a covered `auto.'" Pursuant to the parties' stipulations, it is undisputed that White was occupying a covered auto at the time of the accident. Thus, she was an insured under the policy issued by appellant.
The next issue is whether the lease agreement between White and Cort Leasing effectively eliminated uninsured coverage under the policy. Pursuant to the trial court's judgment entry and the parties' briefing, this question turns on the interpretation of two cases from this court, Continental Casualty Co. v.Frangopoulos (Dec. 15, 1995), Trumbull App. No. 95-T-5268, unreported, and West American Ins. Co. v. Maurer (1987), 41 Ohio App.3d 279, as well as a case from the Second District Court of Appeals, State Farm Mut. Auto.Ins. Co. v. Northbrook Ins. Co.
(Feb. 5, 1990), Montgomery App. No. 11593, unreported, 1990 Ohio App. LEXIS 327.
In Northbrook, supra, at 3-4, the court held:
 "Generally, insurance coverage is determined by looking at the terms and provisions: of the insurance contracts, not by the lease agreements between the named insureds. Carolina Cas. Ins. Co. v. Transport Indemnity Co. (C.A. 10, 1973), 488 F.2d 790. `(T)he intent to incorporate additional papers into an insurance policy must be plainly manifest.' Taylor v. Kinsella (C.A. 2, 1984), 742 F.2d 709."
In the instant case, appellant does not allege, and we do not perceive, any language in the applicable policy indicating an intent to incorporate the lease agreement between White and Cort Leasing into the insurance policy issued by appellant. Therefore, on this basis we distinguish Maurer from the case currently before this court. In that case, the defendant was driving a rented Ryder truck when he struck an automobile occupied by Callahan. The defendant had no insurance in his own name, but Ryder had coverage through its insurer, Old Republic Insurance Company. Moreover, Callahan was covered under an umbrella liability policy issued to his employer. The Old Republic policy at issue stated that its coverage would be limited by any provisions in the lease or rental agreement. The lease agreement between Ryder and the defendant limited Old Republic's coverage to the statutory minimum. This court held that the portion of the policy incorporating the lease agreement was clear and unambiguous, and that the incorporation of the provision of the lease limiting coverage to the statutory minimum was not against public policy.Maurer, 41 Ohio App.3d at 281, 283. Accordingly, we concluded that coverage could be limited to the statutory minimum by incorporating the lease agreement into the policy. Id.
In Frangopoulos, the appellant executed an automobile rental agreement with Jim Pace Pontiac. In the vehicle rental agreement, the appellant was informed in writing that there was no insurance coverage other than her own personal coverage. While driving the rented vehicle, the appellant was involved in a one-vehicle accident, at which time she was personally insured under a policy with Heritage Insurance Company. Also, on the day of the accident, Jim Pace Pontiac was insured by a policy issued by Continental Casualty Company. Continental Casualty paid $7,768.89 to its insured for damage to the vehicle, and subsequently filed a complaint against appellant seeking that amount. Ultimately, the trial court awarded Continental Casualty $7,768.89 for the damage to the automobile.
On appeal, the appellant argued that she was an insured under Continental Casualty's policy with Jim Pace Pontiac, and, therefore, Continental Casualty could not recover from her. We held:
 "It is clear, however, that appellant specifically waived her right to insurance coverage from [Continental Casualty] both verbally and in writing at the time she signed the rental agreement with Jim Pace Pontiac.
 "More importantly [sic] is the fact that appellant is not an insured under appellee's insurance policy with the automobile dealer. * * *
"* * *
 "The fact that appellant is not an insured under [Continental Casualty's] policy with Jim Pace Pontiac differentiates this case from State Farm Mut. Auto Ins. Co. v. Northbrook Ins. Co.
(Feb. 5, 1990), Montgomery App. No. 11593, unreported, which appellant relies upon in her brief. * * *
"* * *
 "In the present case, under the terms of the applicable insurance contracts, appellant is simply not covered by [Continental Casualty's] insurance policy." Frangopoulos, supra, at 3-5.
Although the waiver of coverage was a factor in our holding, our analysis was based primarily on the fact that appellant was not an insured under Continental Casualty's policy. Thus, we distinguish Frangopoulos from this matter because the appellant in that case was not an insured under the policy issued by the lessor's insurer, while in the case at bar, White was an insured under the policy issued by appellant.
Having distinguished both Frangopoulos and Maurer, we look to the rule set forth in Northbrook, which states that coverage of an insurance contract must be determined by examining the insurance policies involved, and not the lease contracts. Northbrook,supra, at 3-4. Upon an analysis of the relevant policy issued by appellant, we can only conclude that White was an insured under that policy. The lease agreement cannot alter this fact because the lease was not incorporated into the applicable policy. Thus, the trial court properly held that White is entitled to coverage under the policy issued by appellant to Cort Leasing.
Furthermore, the Supreme Court of Ohio has held that in order to reject uninsured motorist coverage, a named insured must explicitly reject that coverage in writing before the commencement of the policy year. Gyori v. Johnston Coca-Cola Bottling Group,Inc. (1996), 76 Ohio St.3d 565, paragraph two of the syllabus. In order to be a named insured in this context, a person or entity must be listed as such on the declaration page of the policy.Stacy v. Nationwide Mut. Ins. Co. (Feb. 27, 1998), Erie App. No. E-96-053, unreported, at 22, 1998 Ohio App. LEXIS 714.
In the instant case, the purpose of R.C. 3937.18 would be served by permitting the terms of the policy to control. Although White was an insured under the policy issued by appellant to Cort Leasing, she was not a named insured in the declaration page. Thus, a named insured did not reject uninsured coverage before the beginning of the policy year. Even if the lease agreement could have been construed as a rejection of uninsured motorist coverage, it was not executed prior to the commencement of the policy year. Therefore, the trial court properly determined that White was an insured under the policy issued by appellant to Cort Leasing. Accordingly, appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the trial court is affirmed. _________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
O'NEILL, J., concur.
[1] The policy that appellant issued to Cort Leasing includes both underinsured and uninsured coverage within its definition of uninsured coverage. Thus, we will only refer to uninsured coverage throughout this opinion.
[2] As properly noted by appellee, appellant does not contest that portion of the trial court's judgment holding that appellant's coverage was primary coverage. Instead, appellant has focused its argumentation on whether White was covered under the policy issued by appellant to Cort Leasing.