OPINION
Appellant, E. Karl Brendle, operated Sparks Welding. This business was located at 2421 Columbus Road, N.E., Canton, Ohio. On April 3, 1994, appellant went to this location and discovered damage to the building and its contents due to a tree branch and a windstorm. Appellant notified his insurance agent, appellee, James Kershner, who was an agent with appellee, the Jester Agency, Inc. At the time of the damage, the property was covered under a policy issued by appellee, Auto-Owners Mutual Insurance Company. The adjuster assigned to the claim was Carl Dazey. Mr. Dazey set up a claim listing the loss date as April 3, 1994. Disputes arose between the parties as to the amount of the loss. On February 26, 1996, Mr. Dazey demanded that appellant submit a formal proof of loss. Appellant submitted such on May 2, 1996. On May 30, 1996, appellee Auto-Owners denied the claim finding appellant had not filed a lawsuit within two years of the date of loss as required by the insurance contract, and had not submitted prompt notice of the claim. On August 25, 1997, appellant sent a letter to appellee Auto-Owners for reconsideration. By letter dated March 27, 1998, appellee Auto-Owners again denied appellant's claim. As a result, appellant filed a complaint against appellees on April 1, 1998. On January 21, 1999, appellant filed an amended complaint to include appellee Kershner. Appellant claimed he was entitled to coverage for his property damage claims and therefore appellee Auto-Owners breached their contract with him and acted in bad faith. Appellant also claimed appellees Kershner and Jester Agency were negligent in failing to timely report the loss on appellant's behalf. On May 26, 2000, appellees filed motions for summary judgment. Appellant filed an opposition brief and a motion for declaratory relief on May 30, 2000. By judgment entry filed June 28, 2000, the trial court granted the motions for summary judgment on behalf of appellees. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN HOLDING THAT THE CONTRACTUAL SUIT-FILING REQUIREMENT WAS WAIVED FOR ONLY A REASONABLE TIME. WHEN AN INSURER WAIVES THE SUIT-FILING PROVISION CONTAINED IN AN INSURANCE POLICY, THE WAIVER IS NOT JUST FOR A REASONABLE TIME, BUT UNTIL SUCH TIME AS THE STATUTORY LIMITATIONS PERIOD EXPIRES.
 II. THE TRIAL COURT ERRED IN CONCLUDING, AS A MATTER OF LAW, THAT PLAINTIFF HAD ACTED UNREASONABLY IN WAITING UNTIL APRIL 1, 1998 TO FILE SUIT SINCE ANY SUIT FILED WITHIN THE STATUTORY LIMITATIONS PERIOD IS FILED TIMELY AS A MATTER OF LAW.
 III. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S BAD FAITH TORT CLAIM SINCE THIS CLAIM WAS TIMELY FILED. TORT CLAIMS FOR BAD FAITH ARE CONTROLLED BY THE FOUR-YEAR LIMITATIONS PERIOD CONTAINED IN R.C. 2305.09(D).
 IV. THE TRIAL COURT ERRED IN DISMISSING THE CLAIM AGAINST JESTER/KERSHNER SINCE AUTO-OWNERS RAISED A LATE NOTICE DEFENSE.
 I, II
Appellant appeals the granting of summary judgment to all appellees. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In response to the motions for summary judgment, appellant requested a denial of the motions and declaratory relief with a finding that appellee Auto-Owners specifically waived the contractual times required by the contract of insurance. By judgment entry filed June 28, 2000, the trial court did indeed find that appellee Auto-Owners had waived the two year contractual time limit however, the trial court also found appellant's waiting until April 1, 1998 to file the lawsuit was unreasonable. The trial court also concluded that the claims against appellees Kershner and Jester Agency were dependent upon the issue of timeliness of suit and so dismissed them. UNDISPUTED FACTS From the various depositions and agreed admissions by the parties, we find these relevant undisputed facts:
1) The injury to the property was sustained on April 3, 1994.
 2) The investigation of the claim by adjustor Carl Dazey began on March 24, 1995. Dazey depo. at 8, 24.
 3) Appellee Auto-Owners advanced funds for emergency repairs. Dazey depo. at 22-23, 28-29.
 4) $2,600.00 was advanced on April 18, 1995 and $7,000.00 was advanced on September 18, 1995 with the following caveat:
 It is understood our investigation is not complete and it may be later established that there is no legal obligation for payment under your policy. Issuance of advance payments by the company is not an admission of liability. Acceptance by you does not represent a satisfaction or release of all claims. It is understood this advance shall not benefit any third parties in any manner whatsoever.
 5) By letter dated February 26, 1996, appellee Auto-Owners set the deadline for filing a proof of loss statement for April 26, 1996, beyond the two year contractual time limit for filing a lawsuit. Within said letter, Mr. Dazey informed appellant "[t]he proof of loss needs to be completed returned to me in 60 days from the date of this letter. Upon receipt, we will respond to you." The insurance contract addressed this issue under "Duties In The Event Of Loss Or Damage" subsection "h" as follows:
 You [appellant] must see that the following are done in the event of loss or damage to Covered Property:
 Send us a signed, sworn statement of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
 6) In March of 1996, appellee Auto-Owners advised appellant via correspondence of its reservation of rights as follows:
 With respect to the above described incident which has been reported to have occurred on the 3rd day of April, 1994, you are formally advised that Auto-Owners Insurance reserves all rights and defenses which is has in connection with Policy No. 924603055375450094. You are formally placed on notice that any activity on our part by way of investigation and/or settlement which we may undertake, or any defense, which we may undertake in your behalf arising out of any legal action or actions instituted against you, does not constitute a waiver of any of our rights.
 7) Pursuant to the February 26, 1996 correspondence, appellant submitted a proof of loss statement on May 2, 1996.
 8) On May 30, 1996, appellee Auto-Owners denied coverage. The insurance contract provided for "Loss Payment" as follows:
 a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:
(1) Pay the value of lost or damaged property;
 (2) Pay the cost of repairing or replacing the lost or damaged property;
 (3) Take all or any part of the property at an agreed or appraised value; or
 (4) Repair, rebuild or replace the property with other property of like kind and quality.
 b. We will give notice of our intentions within 30 days after we receive the sworn statement of loss.
9) The lawsuit sub judice was initiated on April 1, 1998.
 CONTRACTUAL LANGUAGE OF THE POLICY
The contract of insurance specifically required that any lawsuit be initiated within two years of the loss:
 D. Legal Action Against Us No one may bring a legal action against us under this Coverage Part unless:
 1) There has been full compliance with all of the terms of this Coverage Part; and
 2) The action is brought within 2 years after the date on which the direct physical loss or damage occurred.
The policy also set forth appellee Auto-Owners's duty to respond to a proof of loss statement within thirty days of the filing thereof. See, "Loss Payment" subsection "b" cited supra. From the facts presented, the February 26, 1996 letter from appellee Auto-Owners extended the final decision on the loss beyond the two year contractual limit for filing a lawsuit. Without a denial of coverage, any filing of a lawsuit before April 3, 1996 would have been premature. Based upon the undisputed facts presented without making any inferences to either side, we concur with the trial court that there was a "waiver" as a matter of law of the two year filing requirement. However, the trial court went one step further and found appellant's delay in initiating the lawsuit some two years later was unreasonable: The Court concludes that the two-year limitation provision was waived for a reasonable time following the claim rejection notice of May 30, 1996.
Plaintiff, being aware of the rejection and the assertion of the two-year period delayed filing until April 1, 1998.
As with other issues, normally a reasonable time would be a jury determination. Patrick v. Auto-Owners Insurance Co., 5 Ohio App.3d 118. However, under a summary judgment motion, the Court determines the filing of suit at such a late date from the dates of occurance (sic) is unreasonable as a matter of law, when the two-year limitation period in the policy was known.
The Court determines that Plaintiff exceeded a reasonable time within which to commence suit after notification of rejection. Further, the rejection notice satisfied O.A.C. 3901-01-54(G)(5). See, Judgment Entry filed June 28, 2000.
Upon review, we fail to find any genesis for this "unreasonableness" theory advanced by the trial court. Without the two year limit imposed by the insurance contract, R.C. 2305.06 would govern the time necessary for filing a lawsuit under a contract. Appellee Auto-Owners specifically waived the two year limit by its actions of February 26, 1996 to May 30, 1996 and therefore, R.C. 2305.06 controls and the lawsuit was timely brought. See, Grange Mutual Casualty Company v. Fodor (1984),21 Ohio App.3d 258. We find the trial court erred in granting summary judgment to appellees.
Assignments of Error I and II are granted.
 III, IV
Based upon our decision in Assignments of Error I and II, these assignments are moot. The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Farmer, J. and Milligan, V.J. concur. Hoffman, J concurs in part, dissents in part.