GLOBE AMERICAN CASUALTY CO., APPELLEE, *v.* GOODMAN, APPELLANT.

(No. 33106—Decided September 12, 1974.)

*Mr. James G. Gowan,* for appellee.
*Mr. Gene F. Manning,* for appellant.

KRENZLER, J. Plaintiff, Globe American Casualty Company, an automobile insurance company, filed a petition for declaratory judgment and permanent injunction in the Cuyahoga County Common Pleas Court on June 9, 1970, with defendant being Mark Goodman, a policy holder. Plaintiff will hereinafter be referred to as Globe or Insurer, which terms may be used interchangeably, and the defendant will be referred to as Goodman or the Insured, which terms may also be used interchangeably.

In its petition Globe alleges that it issued a policy of automobile insurance to Goodman, who was involved in an automobile collision on February 26, 1969, and that on May

5, 1970 Goodman filed a demand for arbitration with the American Arbitration Association based on the uninsured motorist provision of the policy. Globe further alleges that the uninsured motorist section of the policy contains the following condition:

"ACTION AGAINST THE COMPANY: No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto, the insured or his legal representative has fully complied with all of the terms of the policy and unless same is commenced within twelve months next after the date of the accident."

Globe alleges that Goodman breached his contract with Globe in failing to comply with the foregoing condition because the demand for arbitration was made more than twelve months after the accident.

Globe is seeking a declaration of the rights and liabilities of the parties under the provisions of the contract and specifically for a judgment declaring and adjudicating whether or not the policy has been breached by Goodman. Globe further prays for an order enjoining Goodman from proceeding with his claim before the American Arbitration Association.

In addition Globe sought a temporary restraining order against Goodman from proceeding with arbitration and it was granted until the final disposition of the case.

Goodman filed his answer in which he alleges that he sustained injuries in an automobile collision that took place on February 26, 1969; and that on March 5, 1970[1], he filed a demand for arbitration based upon the uninsured motorists provision of the policy that was issued to him by Globe. He also admitted that the policy of insurance contained a provision requiring that action be taken within 12 months of the date of the accident but denies that this provision is operative to deny him his right to pursue an

---

[1]Globe alleges arbitration was demanded on May 1, 1970, and it was stipulated by the parties that arbitration was demanded on May 15, 1970.

uninsured motorist claim under the provisions of the policy. Defendant prayed for a judgment, adjudicating whether or not the policy has been breached by him, and whether he is barred from its provisions.

The parties then stipulated the facts, which in substance state that policies of insurance were issued to Goodman on October 27, 1967 and October 27, 1968. The policies contained uninsured motorist coverage with the provision referred to above that any suit, action or proceeding in arbitration shall be brought against the company within twelve months of the date of the accident. The stipulations confirmed the fact that Mr. Goodman, the defendant, was involved in an automobile accident on February 26, 1969, and that the other motorist was Mr. Sal Catania. On March 8, 1969, the attorney for defendant Goodman notified the Davis Grant Insurance Company of a potential uninsured motorist's claim arising out of the February 26, 1969, accident, and on August 12, 1969, an accident report form was executed by Goodman and directed to Globe. The stipulations further state that on September 8, 1969, an adjuster for Globe contacted Goodman's attorney, and on September 16, 1969 the adjuster took a signed statement from Goodman in the presence of Goodman's attorney. On October 22, 1969 the adjuster contacted the attorney for Mr. Goodman requesting evidence that Mr. Sal Catania was uninsured and the attorney for Mr. Goodman advised that a letter to that effect would be obtained from Mr. Catania's attorney. On December 15, 1970[2] a second contact was made by the adjuster regarding evidence of uninsured motorist coverage. On March 20, 1970 the attorney for the Insured contacted the adjuster and was advised that the file had been closed for the reason that the twelve month period for making the claim had expired. On May 15. 1970, Goodman filed a demand with the American Arbitration Association.

Plaintiff Globe contended that an insurer can place a provision in its policy, restricting the period of time for

---

[2]The stipulations contain this date which may be a typographical error.

commencing an action against the insurance company and that time is valid as long as it is reasonable. Globe contends that the parties to a contract of insurance may insert a provision in a contract to limit the time within which a suit may be brought and such a time is valid if it is not an unreasonable period of time. The plaintiff also contends that the two year tort statute of limitations is not applicable and does not govern the time for which arbitration may be brought under an uninsured motorist claim. Globe contends that such a claim is a matter of contract and not tort and the contract may set forth the time for which a claim for arbitration must be made.

The Insured contended that the one year limitation of action provision of the policy is invalid and should be set aside because Ohio law provides for a two year statute of limitation of bodily injury in R. C. 2305.10. Further, the Insured contended that when there is a conflict or an ambiguity in the terms of an insurance policy, it will be construed in favor of the insured.

In effect, the defendant is contending that the insurance company cannot put a provision in its policy limiting the time in which an action can be brought on the uninsured motorist's provision shorter than that provided for in the personal injury section of R. C. 2305.10 and that such a provision is against public policy.

On September 11, 1973 the trial court entered judgment for plaintiff Globe and in its journal entry the trial court found that defendant Goodman was involved in an automobile accident on February 26, 1969, and that the proceedings for arbitration were instituted on May 15, 1970. The court found that the limitation in the policy is a valid and enforceable term of the contract and is not in conflict with the statutes or laws of the State of Ohio.

The Court held that since defendant Goodman did not institute proceedings in arbitration under the twelve month provision of the policy, he was barred from making a claim under the policy for injuries arising out of the accident of February 26, 1969. The court further enjoined him from pursuing arbitration or any other action against

the plaintiff Globe on the basis of the February 26, 1969 accident.

The defendant filed a notice of appeal and has three assignments of error:

1. The trial court erred in sustaining a contractual limitation of action for bodily injury that was narrower than the limitation period approved and enacted by the Ohio Legislature in the Ohio Revised Code.

2. The trial court erred in failing to construe the contract of insurance in favor of appellant and against appellee in violation of the established law of the State of Ohio.

3. Appellee's conduct in the investigation and negotiation of the claim made by appellant estops appellee from asserting the limitation period set out in the insurance policy as a defense.

The first and second assignments of error will be considered together because they are concerned with the validity of the one year limitation of action clause contained in the policy.

The principal questions to be decided in this case are whether the one year limitation of action provision of the policy is in conflict with R. C. 2305.10 so as to be invalid, or is against public policy, or is an unreasonable period of time.

This provision in the insurance contract is based on the language of R. C. 3937.18, which provides for the mandatory offering of uninsured motorist coverage. The purpose of such an uninsured motorist provision in an insurance contract is to protect an insured motorist, under his own policy, from the effects of personal injury resulting from an accident with another motorist who carries no insurance. The Revised Code provides no statute of limitations specifically applicable to actions filed under the uninsured motorist provision of insurance contracts. But, the provision in the policy in question established a one year limitation for bringing a suit, action or proceeding in arbitration against the insurance company.

R. C. 2305.10 provides that an action for bodily injury

or injury to personal property must be brought within two years after the cause of action arises and R. C. 2305.06 provides for a fifteen year statute of limitations for action on written contracts.

Actions against an insurer based upon uninsured motorist provisions are contractual in nature. Although ultimate recovery depends upon proof of damages due to the tort of an uninsured third party, the cause of action against the insurer arises by reason of the written insurance contract. *Franco* v. *Allstate Insurance Co.* (Supreme Court of Texas, 1974), 505 S. W. 2d 789; See also *Schultz* v. *Allstate Ins. Co.* (1968), 17 Ohio Misc. 83; Also see 28 A. L. R. 3rd 580.

It is well established that in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period itself shall be a reasonable period. *United Commercial Travelers* v. *Wolfe* (1947), 331 U. S. 586, 608; 91 L. Ed. 1687, 1700. The one year limit provided for in the insurance contract is a reasonable one. It is not unreasonable to require that the insured ascertain within one year whether or not the other party involved in the accident is insured and then bring an action or initiate arbitration proceedings within that period of time with his insurance company under the uninsured motorist provision of his contract.

R. C. 3937.18, the uninsured motorist statute, has no statute of limitation nor does it make reference to any prescribed statute of limitation within which uninsured motorist actions must be brought. Further, the one year limitation of action provision contained in the insurance contract is clear and unambiguous, is a reasonable period of time and is independent of and not in conflict with either R. C. 2305.10 or R. C. 2305.06 and not against public policy. Also, the one year limitation of action provision contained in the insurance contract does not preclude the insured from bringing an action against a tortfeasor with-

in two years after the accident under R. C. 2305.10.

The first and second assignments of error are not well taken.

Assignment of Error No. 3 is also not well taken. The record will not support the claim of conduct by the appellee giving rise to an estoppel against appellee's use of the statute of limitations defense.

*Judgment affirmed.*

MANOS, J., concurs.

DAY, J., dissents.

DAY, J., dissenting. The first assignment of error raises the crucial issue in this case:

When a clause in an insurance policy, designed to protect an insured motorist from the effects of personal injury at the hands of a negligent uninsured motorist, establishes a one-year limitation upon the right to institute arbitration proceedings to determine the claim, is that one-year limitation void for conflict with the statutory limitation of two years for claims for bodily injury in the Ohio Revised Code?

It is clear that the insurance contract in this case establishes a limitation for the filing of a claim for bodily injury under the uninsured motorist clause.[3] That limitation requires that a claim for arbitration under the clause must be filed within one year. The statutory limitation for bodily injuries is two years.[4]

Private limitations on the right to sue may be established if reasonable and not in conflict with general law; *United Commercial Travelers* v. *Wolfe* (1947), 331 U. S. 586, 608; 91 L. Ed. 1687, 1700; *Bartley* v. *Business Assn.*

---

[3] The clause is based on Ohio Revised Code §3937.18 (mandatory offering of uninsured motorist coverage).

[4] Ohio Revised Code §2305.10.

(1924), 109 Ohio St. 585, 589. The form of an action is immaterial.[5]

I would hold the private limitation in this case to be in conflict with general law and that it must give way to the two year limitation provided in the statute. That time boundary reflects public policy and governs the claim. I would hold Assignment of Error No. 1 to be well taken and reverse and remand for further proceedings according to law.

---

[5]Cf. *Andrianos* v. *Traction Co.* (1951), 155 Ohio St. 47 at p. 51:

"Surely, the General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an express or implied contract is immaterial.

"In other words, the term, 'action,' as used in Section 11224-1, General Code, refers to the nature or subject matter thereof and not to its form as a matter of remedial procedure. Whether the action is strictly in tort or for breach of contract, it is nonetheless an action to recover damages for bodily injury and is governed by the two-year limitation prescribed by Section 11224-1, General Code.

"Because in Ohio we have but one form of action, designated a civil action, cases from other jurisdictions, the decisions in which turned upon a distinction in the form of action brought, are not pertinent. In those cases, the results depended on whether the suits were in reality tort or contract actions. As has already been pointed out, under the express wording of Section 11224-1, General Code, it makes no difference whether the action to recover damages for bodily injury is in theory *ex contractu or ex delicto*; nor does it matter that plaintiff may elect between the two types of action."