OPINION
Defendant-appellant R.E. Holland Excavating Company, Inc., contends that the trial court erred by rendering summary judgment against it on its complaint for breach of contract. In support, appellant contends that although the trial court correctly found that the sixty-day limitations period contracted for by Holland was unreasonably short, the trial court erred by then failing to apply the statutory limitations period contained in R.C. 2305.06
[claims for breach of contract]. Therefore, Holland contends, the trial court erred in determining that it had not filed its complaint in a timely manner.
We need not reach this issue because we conclude that the limitations period provided for in the contract executed by appellant was reasonable and binding. Accordingly, based upon different reasoning, we find that the trial court correctly rendered summary judgment in favor of appellee.
 I
In 1993, the City of Trotwood and Randolph Township applied to the Montgomery County Economic Development and Government Equity Program ("EDGE") for a grant to construct a sanitary sewer to extend from the City of Trotwood to Randolph Township. EDGE approved monies for the completion of the project.
Upon request by the City of Trotwood and Randolph Township, the Montgomery County Sanitary Engineers agreed to bid, and to oversee the construction of, the project. Holland made the lowest bid. The Board of County Commissioners of Montgomery County ("Board") awarded Holland the contract.
Article 11.2 of the contract between the parties governs how the parties would address unanticipated and unforeseeable events resulting in a change in the agreed contract price. That provision provides, in relevant part, as follows:
 The Contract Price may only be changed by a Change Order or by a Written Amendment. Any claim for an adjustment in the Contract Price shall be based on written notice delivered by the party making the claim to the other party and to ENGINEER promptly (but in no event later than thirty (30) days) after the start of the occurrence or event giving rise to the claim and stating the general nature of the claim. Notice of the amount of the claim with supporting data shall be delivered within sixty (60) days after the start of such occurrence or event (unless ENGINEER allows additional time for claimant to submit additional or more accurate date in support of the claim) and shall be accompanied by claimant's written statement that the adjustment claimed covers all known amounts to which the claimant is entitled as a result of said occurrence or event. * * *
Article 9.11 of the contract made the following provision for the resolution of disputes between the parties:
 * * * Claims, disputes and other matters relating to the acceptability of the Work or the interpretation of the requirements of the Contract Documents pertaining to the performance and the furnishing of the Work and under Articles 11 and 12 in respect of changes in the Contract Price or Contract Times will be referred initially to ENGINEER in writing with a request for a formal decision in accordance with this paragraph. Written notice of each such claim, dispute or other matter will be delivered by the claimant to ENGINEER and the other party to Agreement promptly (but in no event later than thirty (30) days) after the start of the occurrence or event giving rise thereto, and written supporting date will be submitted to ENGINEER and the other party within (60) days after the start of such occurrence or event unless ENGINEER allows an additional period of time for the submission of additional or more accurate date in support of such claim, dispute or other matter. The opposing party shall submit any response to ENGINEER and the claimant within thirty (30) days after receipt of the claimant's last submittal * * *. ENGINEER will render a formal decision in writing within thirty (30) days after receipt of the opposing party's submittal, if any, in accordance with this paragraph. ENGINEER's written decision on such claim, dispute or other matter will be final and binding upon OWNER and CONTRACTOR unless a written notice of intention to appeal from ENGINEER'S written decision is delivered by OWNER or CONTRACTOR to the other and to ENGINEER within thirty (30) days after the date of such decision and a formal proceeding is instituted by the appealing party in a forum of competent jurisdiction to exercise such rights or remedies as the appealing party may have with respect to such claim, dispute or other matter in accordance with applicable laws and Regulations within sixty (60) days of the date of such decision, unless otherwise agreed to in writing by OWNER and CONTRACTOR.
On November 28, 1994, Holland provided written notice that it had encountered an unforeseen condition during excavation; specifically, Holland claimed that the project site was saturated with excessive water, which it would be required to remove. In the notice, Holland stated that it would keep track of the extra costs incurred by reason of the excessive water.
Thereafter, numerous letters regarding the unforeseen condition were exchanged between the parties. The letters relevant to this appeal are as follows. In a letter dated December 21, 1994, the project's chief engineer denied the claim stating that the water conditions were not unexpected. By letter dated January 19, 1995, Holland informed the engineer that it could not report all costs until completion of the project. Holland also stated that it disputed the determination that the excess water was not an unforeseen condition.
After completing the pumping on May 31, 1995, Holland sent a letter to the engineer stating that the project was close to completion and that a cost justification would be forwarded. The engineer responded by letter dated, July 19, 1995 in which the claim for dewatering the site was again denied. Thereafter, Holland sent a letter, dated July 24, in which it stated that the claim for dewatering had been completed and that Holland was interpreting the July 19 letter from the engineer as the "final decision" on the matter. The letter also informed the engineer that legal action would be taken. Another letter was sent by the engineer stating that the decision denying the claim was still in effect. Finally, on July 31, 1995, Holland sent the engineer a letter containing the cost justification for the extra cost incurred on the site for dewatering. The letter also stated that "[b]ased on [the engineer's] most recent final decision, we are proceeding with litigation."
Holland filed a complaint for breach of contract against the Board on December 30, 1996. The complaint was later amended to include the City of Trotwood as a defendant. On October 30, 1998 the Board filed a motion for summary judgment claiming that Holland had failed to file its lawsuit within the time provided for by the contract. In granting the motion, the trial court found that the period set forth in the contract for filing a legal action was unreasonably short, and therefore, invalid. However, the court granted the motion, finding that the seventeen months from July 24, 1995 until the complaint was filed was unreasonable. It is from this order that Holland appeals.
 II
In its sole Assignment of Error, Holland argues:
 TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE BOARD'S MOTION FOR SUMMARY JUDGMENT WHERE THE TRIAL COURT FOUND THAT HOLLAND'S COMPLAINT WAS UNTIMELY FILED AND WHERE THE TRIAL COURT CONCLUDED THAT THE LIMITATIONS PERIOD IN THE CONTRACT WAS INVALID AND AGAINST PUBLIC POLICY AND WHERE THE TRIAL COURT, STANDING IN PLACE OF THE LEGISLATURE, IMPLIED A LIMITATIONS PERIOD NOT GROUNDED IN THE TERMS OF THE CONTRACT OR IN THE STATUTE OF LIMITATIONS SET FORTH IN THE OHIO REVISED CODE.
Holland contends that the trial court erred by rendering summary judgment against it. Holland claims that the trial court was correct in finding that the provision in the contract establishing a sixty-day time period for filing suit was unreasonably short and therefore invalid. However, Holland argues that once the provision was rendered invalid, the trial court was obligated to utilize the statutory time limitation of R.C. 2305.06
in determining whether its suit was timely filed.[1] Thus, Holland contends that the trial court erred by ruling that it waited an unreasonably long period of time before filing suit.
Our review of the trial court's decision is de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370.
We agree with the trial court's decision to grant summary judgment, albeit for different reasons. In this case, the contract between the parties is clear. Under its terms, Holland was required to submit notice of the amount of its claim, with written supporting data, within sixty days after the start of the unforeseen occurrence or event. The Board then had thirty days to file a response. After the thirty days for filing a response had expired, the engineer was required to render a written decision regarding the claimed expense. Thereafter, Holland was required to file suit within sixty days of the denial of the claim by the engineer.
The contractual provisions relevant to this appeal are the two sixty-day limitations periods imposed upon Holland. It is clear that Holland failed to comply with either of these time limitations. First, it is undisputed that the claimed unforeseen condition, dewatering the pipeline trench because of excess water, began in November of 1994. The record shows that the dewatering process was completed on May 31, 1995. It is also undisputed that Holland did not file any notice of the amount of its claim or supporting data until more than a year after the condition started, on July 31, 1995. Holland also failed to comply with the separate sixty-day provision for filing suit. It is undisputed that Holland did not file its suit until December 30, 1996; approximately seventeen months after it submitted its costs.
Under the facts of this case, although we are inclined to the view that the sixty-day limitation period for filing a notice of costs was unreasonably short, we do not find that the sixty-day period, after the denial of Holland's claim, for filing a complaint was unreasonably short. It could be argued that since this case involved an ongoing long-term event, Holland could not comply with the notice provision within the time provided for in the contract. However, Holland essentially modified this provision of the contract, unilaterally, by waiting to file its notice of increased costs until the entire dewatering process was completed.
The issue before us, then, is whether the sixty-day limitation for filing suit was unreasonable. Parties to a contract may shorten the period set forth in R.C. 2305.06 so long as the time period provided is reasonable. Miller v. ProgressiveCas. Ins. (1994) 69 Ohio St.3d 619, 624.
Under the facts of this case, we cannot conclude that the limitation period provided for in the contract was unreasonable. As previously noted, Holland "blue-penciled" the sixty-day time period for filing the notice of the amount of its claim. It waited to file the notice of its claim until the dewatering process was complete, and it could total up its increased costs. Thereafter, under the terms of the contract, Holland had sixty days after the denial of its claim by the engineer within which to institute any legal action.[2] There was then no reason why Holland could not have filed this action within the time required. Holland had submitted its notice of the amount of the claim; therefore it had gathered, or should have gathered, all the information pertinent to a law suit. However, Holland failed to file suit for seventeen months.
Since we find that the sixty-day limitation for filing suit was not unreasonable, and Holland failed to file suit within that contractual time period, we conclude that summary judgment was correctly rendered against Holland. Accordingly, Holland's sole Assignment of Error is overruled.
 III
Holland's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Peter C. Krier
Michael W. Sandner
Marcell N. Dezarn
Gregory P. Dunsky
Hon. Jeffrey Froelich
[1]R.C. 2305.06 establishes a limitations period of fifteen years for the filing of breach of contract actions.
[2]Once Holland submitted the notice of the amount of its claim, the engineer was required to file a written decision regarding the claim. Although the engineer did not file a written denial of the claim after the submission of the claim amount and supporting data, as required by the contract, Holland elected to treat the earlier correspondence from the engineer as an anticipatory denial of its claim, recognizing that there was no reasonable expectation that the engineer would change the position he had already taken. By acknowledging the earlier denial by the engineer as final, Holland excused the engineer from the duty of issuing a new, written denial after submission of the increased costs. In other words, the engineer's need to issue a written decision after the submittal was rendered moot, and the sixty-day period for filing an action on the claim began to run on July 31, 1995, the day Holland deemed the engineer to have denied its claim.