Plaintiff-appellant Full Life Church of God appeals from the trial court's granting of summary judgment in favor of defendant-appellee Church Mutual Insurance Co. We find no merit to this appeal and affirm the trial court's judgment below.
On June 18, 1996, plaintiff purchased property located at 9324 Union Avenue, Cleveland, Ohio which it wished to refurbish as a Church. Plaintiff paid between $16,000 and $19,000 for the property. Thereafter, the plaintiff sought to insure the property with the defendant.
Defendant issued the plaintiff a policy on July 30, 1996. The policy insured the real property for a policy limit of $77,000 for basic coverage which represented the face value of the building. Defendant also insured plaintiff's personal property for a policy limit of $15,000. Extensions to the policy limits were available for such situations as demolition and debris removal and temporary storage and relocation costs. There was also an extension of coverage up to $500,000 to insure new buildings during the construction period. (Section A 101(5-89), Section (F) at pp. 3 of 9 and 6 of 9).
During the effective period of the policy, on or about November 14, 1996, a severe ice and snow storm caused the roof and ceiling of the real property to collapse; thereby damaging not only plaintiff's real property, but also damaging the personal property located inside. Plaintiff knew when it purchased the property that the roof was defective and had intended to replace it.
Plaintiff made a timely claim regarding the damage to the building and was told to obtain an estimate for the damage. Plaintiff contacted Choice Construction which estimated the repair of the snow damage would cost approximately $79,373. Once Choice Construction began working on the roof, it discovered that the walls needed repair also. Choice Construction, through its attorney Ben Ashar, then dealt with defendant regarding reimbursements. The insurance company issued a check for $60,000 for the damage. The City of Cleveland, however, condemned the building before repairs began. Plaintiff thereafter decided that instead of repairing the building it would completely rebuild.
Plaintiff submitted a claim for the replacement cost of the building. Defendant refused to accept an estimate for replacement but instead offered plaintiff an additional $17,000 to repair the building. This amount represented the difference between the amount already given to plaintiff, $60,000, and the policy limit of $77,000. Plaintiff refused this amount and proceeded to rebuild the Church.
Plaintiff thereafter sent defendant a bill for the replacement cost in the amount of $152,300. The defendant, however, refused to pay the amount contending it had no knowledge that the entire building had been torn down and replaced. The defendant issued a check to plaintiff for $17,000 which plaintiff returned to defendant.
Plaintiff initially filed its complaint on November 20, 1998. It thereafter filed an amended complaint on March 24, 1999, in which it added its pastor, Lawrence Crump, as a plaintiff. The complaint alleged three causes of action. The plaintiff's first cause of action alleged that defendant breached the terms of its insurance policy with plaintiff with respect to coverage of the building. The plaintiff's second cause of action alleged that defendant breached the insurance contract by failing to pay for the storage of plaintiff's personal property while the building was being reconstructed. The plaintiff's third cause of action alleged fraud on the part of defendant in handling the plaintiff's insurance claims.
After answering the above complaint, the defendant on August 10, 1999 filed a motion for summary judgment regarding all three causes of action. The defendant opposed this motion and on October 22, 1999, the trial court issued a five page opinion in which it granted summary judgment as to the plaintiff's contract claims based on the expiration of the time to file suit limitation contained within the policy. The court additionally found summary judgment on the contract claims was appropriate based on the grounds that the defendant had already paid the plaintiff the policy limits of $77,000 and that no additional sums were due as any additional amount would have to be for newly constructed or newly acquired buildings which the court found did not apply to the plaintiff's condemned building.
The trial court, however, found that although the fraud claim in the plaintiff's complaint was not sufficiently stated with particularity, that pursuant to Civ.R. 9(B), the appropriate remedy was for plaintiff to file an amended complaint to give the plaintiff an opportunity to state the claim with particularity. Plaintiff thereafter filed an amended complaint restating its fraud claim. The defendant on January 10, 2000 filed a motion for summary judgment on this claim and plaintiff filed a motion in opposition.
The trial court granted the defendant's motion for summary judgment on April 11, 2000, finding as follows:
 Defendant's second motion for summary judgment is granted. No genuine issue of material fact is demonstrated from the evidence properly before the court under Civ.R. 56(C) and construing the evidence most strongly to plaintiff, the Court determines defendant is entitled to judgment in its favor.
The plaintiff now appeals asserting one assignment of error with several subparts.
 I. THE COMMON PLEAS COURT ERRONEOUSLY CONCLUDED THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
Plaintiff contends that its contract claims are not barred by the policy's two-year limitation on bringing suit as such contractual limitations are void against public policy. The policy provision in question states as follows:
F. LEGAL ACTION AGAINST US
 No one may bring a legal action against us under this Coverage Part unless:
 1. There has been full compliance with all of the terms of this Coverage Part; and
 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.
(Form A 100 [5-89], pp. 5 of 7). The damage to the property occurred on November 14, 1996 and plaintiff did not file suit until November 20, 1998, more than two years after the loss.
The law is well established in Ohio that parties to an insurance contract may include a provision in the contract that limits the time within which suit may be brought thereon to a reasonable period that is less than the statutory period of limitations. Appel v. Cooper Insurance Co. (1907), 76 Ohio St. 52; R.E. Holland Excavating, Inc. v. Board of County Commissioners of Montgomery (1999), 133 Ohio App.3d 837; Metz v. Buckeye Union Fire Insurance Co. (1957), 104 Ohio App. 93; McDonald v. State Farm Mutual Automobile Insurance Co. (Aug. 10, 2000), Cuyahoga App. No. 77608, unreported; DeCato v. Nationwide Insurance Co. (Sept. 22, 1987), Mahoning App. No. 86 C.A. 97, unreported; Dragon v. Allstate Insurance Company (Dec. 29, 1983), Cuyahoga App. No. 46813, unreported; Harris v. Buckeye Union Insurance Company (June 24, 1981), Warren App. No. 14501, unreported.
Although plaintiff argues the Supreme Court in Miller v. Progressive Casualty Ins. Co. (1994), 69 Ohio St.3d 619, declared such contractual limitations invalid as against public policy, this is not the holding of the case. In Miller, the Ohio Supreme Court held that a one-year contractual limitation for bringing an action for UM/UIM coverage was void as against public policy as in that case, given the unusual circumstances, the party was not given adequate time to bring the suit. The Court, however, reaffirmed its support for reasonable contractual limitations provisions stating: In the absence of a controlling statute to the contrary, a provision in a contract may validly limit, as between the parties, the time for bringing an action on such contract to a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one. Id. at 624.
 Plaintiff argues that even if the provision is valid, defendant waived the limitation by its representations through its adjusters that the amounts in excess of the policy limit would be covered. In Hounshell v. American States Ins. Co. (1981), 67 Ohio St.2d 427 at syllabus, the Supreme Court held:
 An insurance company may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has run.
Therefore, to have waived the contractual limitation, the insured must have acknowledged its liability through settlement offers or other acts. However, the waiver persists only so long as the insurer's conduct continues to mislead. Dragon v. Allstate Insurance Co., supra. We simply do not have this scenario in the case herein. There is no evidence that the defendant acknowledged responsibility for any specific amount, only that it may possibly cover amounts in excess of the $77,000. Furthermore, as of April 13, 1998, which was seven months before the statute of limitations expired, the plaintiff was placed on notice that the defendant was not going to pay an amount exceeding the policy limit of $77,000. A letter was sent on this date from defendant's adjuster to plaintiff's attorney. This letter stated in pertinent part:
 This letter will confirm our telephone discussion of 4/2/98. You advised that your law partner indicated that the Church Mutual policy of insurance might respond to a replacement cost number above the policy limits with virtually no cap. This letter will simply provide a written response and I acknowledge that the loss and claim figures were agreed to quite some time ago and have held numerous conversation (sic) regarding the specific replacement hold back amount.
Specific hold back amount is $17,000.
 Virtually all of our verbal and written communications have confirmed the same and there is no policy provisions that would deviate from that position.
* * *
 Please be advised that all of the policy terms, limitations, provisions, conditions and coverages are expressly reserved and are not to be deemed waived in any way.
This letter clearly placed the plaintiff on notice before the contractual limitation to bring suit expired that the defendant had no intent to pay more than the policy limit of $77,000. Therefore, the waiver argument does not apply here as the waiver persists only so long as the insurer's conduct continues to mislead. Dragon v. Allstate Insurance co., supra.
Therefore, based on the above, we find the trial court did not err in finding the limitations period for plaintiff to bring suit based on the breach of the policy to have expired.
We also find the trial court did not err in granting summary judgment on the plaintiff's fraud claim.
The elements of fraud are set forth in Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54 at 55, as follows:
 (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
In the case herein, plaintiff has presented no evidence that a false representation was made. Lawrence Crump, the plaintiff's pastor, admitted in his deposition that he was concerned whether the church would be able to be repaired for $77,000 and asked the adjusters, Mr. Maxwell and Mr. Ambrose, about it. He stated that both of them sort of indicated that it's possible that more money could be paid for this. (Depo. at 27). He also admitted that the adjusters told him that only the face value of the policy would be paid in the total amount of $77,000. (Depo. at 27). Crump also stated in his deposition that when he spoke to the adjusters it was before he knew the whole building was going to have to be replaced. (Depo. at 30). When questioned whether either of the adjusters made a specific promise to pay the amount over the policy limits, Crump stated:
 I don't think either of them promised me that I would get more than $77,000 for sure, but it was certainly an assumption from them that it is very possible that the church would receive more than the policy, the amount that was on the policy, the face value of the insurance.
(Depo. at 33). Therefore, defendant's representatives did not make any false representations that defendant would pay above the $77,000. Plaintiff was only told it might be possible and at that time the adjusters were only considering the repair of the building and not the complete rebuilding of the church and had also been discussing expenses such as temporary storage and debris removal. Therefore, since defendant made no specific promises that an amount over $77,000 would be paid was made, but only discussed there was a possibility that an amount in excess would be paid, there was insufficient evidence of fraud presented.
The trial court did not err in granting summary judgment in favor of the defendant on plaintiff's claims.
Assignment of Error I is overruled. Given our discussion above, the plaintiff's remaining arguments are moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.