OPINION
{¶ 1} In this case we are called on to determine whether a cow is an uninsured motor vehicle under appellants' insurance policy. We hold that it is not.
 {¶ 2} On the night of September 5, 2001, appellants William R. Mayor, Jr., and Wendy M. Mayor were travelling on Interstate 76 west near milepost 41 when their vehicle struck a cow owned by Thomas Wedding. Apparently several of Mr. Wedding's cows had wandered onto the highway.
 {¶ 3} Appellants filed suit against Mr. Wedding seeking compensation for injuries they suffered as a result of the collision. Unfortunately, Mr. Wedding had no liability insurance. Appellants also filed a declaratory judgment action against their insurer, Halcyon Insurance Company ("Halcyon") seeking recovery under the uninsured motorist provision of their policy.
 {¶ 4} Appellants and Halcyon filed cross motions for summary judgment. The trial court granted Halcyon's motion for summary judgment finding that appellants were not entitled to recover under the uninsured motorist provision of their policy.
 {¶ 5} Appellants bring this appeal asserting one assignment of error: "The trial court erred in granting Defendant Halcyon Insurance Company's motion for summary judgment and in denying appellant's cross motion for summary judgment."
 {¶ 6} We review a grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Thus, we review the trial court's grant of summary judgment independently and without deference to its determination. Lexford Prop. Mgmt., L.L.C. v. Lexford Prop. Mgmt., Inc. (2001), 147 Ohio App.3d 312, 316.
 {¶ 7} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Harless v. Willis Day Warehousing, Inc. (1978), 54 Ohio St.2d 64, 66.
 {¶ 8} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 9} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Id. at 293.
 {¶ 10} Certain fundamental tenets govern our interpretation of insurance contracts.
 {¶ 11} "As in all cases in which insurance coverage is provided by an insurance policy, the issue in this case will be determined by a * * * reasonable construction [of the contract] in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed. However, it is well-settled that, where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." (Internal quotations and citations omitted.) King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211.
 {¶ 12} Common words used in a contract will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the contract. Id. at 213, citing Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph two of the syllabus.
 {¶ 13} The contract at issue in this case provides:
 {¶ 14} "Subject to the Limits of Liability, if you pay a premium for Uninsured/Underinsured Motorist Bodily Injury Coverage, we will pay for damages, other than punitive or exemplary damages, which an insured person is entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury:
 {¶ 15} "1. sustained by the Insured person;
 {¶ 16} "2. caused by accident; and
 {¶ 17} "3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle or underinsured motor vehicle." (Emphasis sic.)
 {¶ 18} The policy contains the following definitions applicable to the uninsured motorist provision:
 {¶ 19} "1. * * *.
 {¶ 20} "2. "Land motor vehicle" means a motor vehicle designed for operation on land, but does not include any vehicle or equipment:
 {¶ 21} "a. operated on rails or crawler treads;
 {¶ 22} "b. designed mainly for use off public roads, other than snowmobiles, while not on public roads;
 {¶ 23} "c. while used as a residence or premises;
 {¶ 24} "d. that is used in general construction work and not designed for or employed in general highway transportation; or
 {¶ 25} "e. that is farm machinery, other than farm machinery designed for use on public roads.
 {¶ 26} "3. * * *.
 {¶ 27} "4. * * *.
 {¶ 28} "5. "Uninsured motor vehicle" means a land motor vehicle:
 {¶ 29} "a. to which no liability bond or policy applies at the time of the accident.
 {¶ 30} "b. to which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:
 {¶ 31} "i. denies coverage; or
 {¶ 32} "ii. is or becomes insolvent; or
 {¶ 33} "c. whose operator or owner cannot be identified and which causes an accident resulting in bodily injury to an insured person. * * *." (Emphasis sic.)
 {¶ 34} There appears to be no dispute that there was a collision; the cow was not insured at the time of the collision; and that the cow caused the collision. The dispute in this case is whether the cow was a "land motor vehicle" as defined in the policy. While a cow is designed for operation on land, we do not believe a cow is a "motor vehicle." The policy at issue does not separately define "motor vehicle;" therefore we must look to the common, ordinary meaning of this term.
 {¶ 35} The American Heritage Dictionary defines "motor vehicle" as, "a self-propelled, wheeled conveyance that does not run on rails." Id. at 817. A cow is self-propelled, does not run on rails, and could be used as a conveyance; however, there is no indication in the record that this particular cow had wheels. Therefore, it was not a motor vehicle and thus was not a "land motor vehicle" as defined in the policy. The trial court properly found that appellants were not entitled to uninsured motorist coverage. See State Auto. Mut. Ins. Co. v. Cleveland Carriage Co. (1984), 98 Ohio App.3d 361 (finding that a horse was not a motor vehicle for purposes of uninsured motorist coverage;) Wilbur v. Allstate Ins. Co. (Nov. 29, 1991), 11th Dist. No. 90-G-1600, 1991 WL 252851 (finding that a horse and buggy was not a motor vehicle for purposes of uninsured motorist coverage.) To hold otherwise would be a manifestly absurd result. King, supra at 213.
 {¶ 36} Appellants' sole assignment of error is without merit. The judgment of the Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
William M. O'Neill and Diane V. Grendell, JJ., concur.