**THE ARCADE COMPANY LTD.,**
**Plaintiff–Appellant,**

v.

**ARCADE, LLC, Defendant–Appellee.**

No. 02–3434.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2004.

Isaac Schulz, David D. Yeagley, Ulmer & Berne, Cleveland, OH, for Plaintiff–Appellant.

Daniel M. Haymond, Mark Avers Smith, Thompson Hine, Cleveland, OH, for Defendant–Appellee.

Before BATCHELDER and COLE, Circuit Judges; and HOOD,[*] District Judge.

BATCHELDER, Circuit Judge.

Appellant The Arcade Company, Ltd. ("Arcade") entered into an Acquisition Agreement with Appellee Arcade, LLC. ("LLC"), whereby LLC agreed to purchase from Arcade an historic building in Cleveland, Ohio. The Acquisition Agreement provided that if the premises were not vacated by the closing date, LLC would be entitled to a $250,000 holdback from the purchase price. The Acquisition Agreement also included a "time is of the essence" clause. The sale closed on October 22, 1999, but the premises were not vacated until roughly one week later. LLC therefore held back $250,000 of the roughly $10 million purchase price, and Arcade brought this action against LLC and several other defendants in state court, seeking damages for breach of contract and restitution for unjust enrichment. After Arcade removed the case to federal court on diversity grounds, the district court granted LLC's motion to dismiss the unjust enrichment claim, and the parties

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

filed cross motions for summary judgment on Arcade's claim for breach of contract. The district court denied Arcade's motion and granted LLC's motion. Arcade appeals.

The fact that both parties have filed summary judgment motions does not alter the standard by which we review these motions. "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir.1987)). After careful review of the record, the applicable law, the parties' briefs and counsels' arguments, we conclude that the district court properly evaluated the cross motions under the appropriate standard, and that the district court's order thoroughly and accurately sets out both the undisputed facts and the governing law. We find no reversible error in the court's judgment, which we AFFIRM for the reasons stated in its opinion.

We think it is important, however, to address specifically one defense to the breach of contract claim raised by LLC in its motion for summary judgment but not addressed by the district court: that the breach of contract claim is time-barred because the Acquisition Agreement contained "an express one-year contractual statute of limitations." The provision to which LLC refers reads:

> Survival. The representations, warranties, obligations, covenants, agreements, undertakings and indemnifications of the parties contained herein and in any instrument acquired to be delivered pursuant hereto shall survive the Closing for a period of one (1) year.

This issue is governed by Ohio law, and Ohio law permits contractual modification of the applicable statute of limitations if the modification is reasonable. *See Miller v. Progressive Cas. Ins. Co.*, 69 Ohio St.3d 619, 635 N.E.2d 317, 321 (1994). *See also Universal Windows & Doors, Inc. v. Eagle Window & Door, Inc.*, 116 Ohio App.3d 692, 689 N.E.2d 56, 58–59 (1996) (approving dealer manufacturing contract limiting actions to one year). The question we must answer is not whether a contractual modification of the applicable statute of limitations is valid but whether this particular contract provides for one. We conclude that it does not.

■ First, the plain language of the provision neither mentions nor purports to limit any "action," "lawsuit," or "demand." Rather, the provision explicitly states that the "representations, warranties, obligations, covenants, agreements, undertakings and indemnifications of the parties . . . shall survive the closing." We conclude that under Ohio's case law, something more than this language is required to support a finding that the parties intended to modify the statute of limitations.

*Miller* involved a provision in an insurance contract requiring insureds to file a claim for uninsured motorist benefits within one year of the accident. *Miller*, 635 N.E.2d at 320. The actual language of the contract in that case provided that "[n]o suit or action whatsoever . . . shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto, [the action] is commenced within twelve months next after the date of the accident." *Id.* at 319. In *Universal Windows*, the contract limitation clause stated that, "[t]he time within which the Dealer may bring an action for breach of this Agreement shall be one (1) year from the date of any such breach." *Universal Windows*, 689 N.E.2d at 58. And in two other cases in which Ohio courts upheld the application

of a contractual limitation period, the contracts at issue included specific language of limitation on the time within which to bring lawsuits or claims. *See Globe American Cas. Co. v. Goodman,* 41 Ohio App.2d 231, 325 N.E.2d 257, 261 (1974) ("No suit or action whatsoever ... shall be brought against the company ... unless same is commenced within twelve months...."); *R.E. Holland Excavating Co. Inc. v. Montgomery County Bd. of Comm.,* 133 Ohio App.3d 837, 729 N.E.2d 1255, 1256 (1999) ("Notice of the amount of the claim with supporting data shall be delivered within sixty (60) days after the start of such occurrence or event."). No such language exists in the Arcade survival clause. In the absence of such language, we will not infer an intent to create a contractual limitation period.

This conclusion is also supported by sound policy concerns. Statutes of limitation exist to provide finality for potential litigants. This finality is achieved by extinguishing—after a statutorily prescribed period of time—potentially valid claims. An agreement purporting to affect this finality must be made manifest in clear, unequivocal language. A survival clause such as the one at issue here, which contains no express reference to "actions," "demands," or even to breach of the contract, does not clearly manifest an intent to establish a contractual limitations period.

Finally, we note that Arcade has raised equitable as well as legal arguments in this appeal. Arcade, however, has not appealed the district court's order dismissing the unjust enrichment claim, and its other equitable arguments appear to have been raised for the first time in this appeal. We will not consider arguments raised for the first time on appeal. *See Phelps v. McClellan,* 30 F.3d 658, 664 (6th Cir.1994). Even had those arguments not been waived, they are meritless. Arcade could have pursued its claim on the theory that the contract had expired and the parties were acting on a quasi-contract basis, or that the contract was in existence and Arcade had a right to contractual remedies. But those causes of action are mutually exclusive. *See, e.g., Williams v. Goodyear Aircraft Corp.,* 84 Ohio App. 113, 85 N.E.2d 601, 604 (1948) ("The law does not recognize the coexistence of a quasi contract and an express contract covering the same subject."). We agree with the district court that there was an express contract between Arcade and LLC, that it contained a clause requiring that time is of the essence, that the contract was not timely complied with, and therefore, LLC was justified in withholding the $250,000.

For the foregoing reasons, and for the reasons expressed in the district court's opinion, we AFFIRM the judgment of the district court.